**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **SA&H ALABAMA HOLDINGS, LLC AND SOUTHERN HVAC CORPORATION,**<br><br>   **Plaintiffs,**<br><br>**v.**<br><br>**LAST MINUTE INVESTMENTS B INC. (F/K/A JONES-NUNN, INC.), LAST MINUTE INVESTMENTS A LLC (F/K/A MCCUTCHEON MECHANICAL SERVICES, LLC), AND JASON DEWAYNE GERSTMAN,**<br><br>   **Defendants.** | **Court No. 1:24-cv-01067-JCG** |

## <u>OPINION & ORDER</u>

[Granting in part and denying in part Plaintiffs' Motion for Finding of Spoliation and Imposition of Sanctions Against Defendant Jason Gerstman; Granting in part and denying in part Plaintiffs' Motion to Compel Production of Documents; and Denying Defendants' discovery request for attorneys' fees invoices.]

Dated: May 26, 2026

<u>John A. Sensing</u>, Potter Anderson & Corroon LLP, of Wilmington, DE; <u>Robert O. Sheridan</u> and <u>Matthew T. Brown</u>, Nelson Mullins Riley & Scarborough LLP, of Boston, MA.  Attorneys for Plaintiffs SA&H Alabama Holdings, LLC and Southern HVAC Corporation.

<u>Michael D. DeBaecke</u>, Ashby & Geddes, P.A., of Wilmington, DE; <u>C. Ellis Brazeal, III</u> and <u>J. David Moore</u>, Jones Walker LLP, of Birmingham, AL. Attorneys for Defendants Last Minute Investments B Inc. (f/k/a Jones-Nunn, Inc.),

Court No. 1:24-cv-01067-JCG                                                    Page 2

Last Minute Investments A LLC (f/k/a McCutcheon Mechanical Services, LLC), and Jason Dewayne Gerstman.

Before the Court is Plaintiffs' Motion for Finding of Spoliation and Imposition of Sanctions Against Defendant Jason Gerstman pursuant to Federal Rule of Civil Procedure 37(e). Pls.' Mot. Spoliation and Sanctions ("Mot. Spoliation") (D.I. 57); Opening Br. Supp. Pls.' Mot. Finding Spoliation Imposition Sanctions Against Def. Jason Gerstman ("Pls.' Br.") (D.I. 58, 59). Defendant Jason Dewayne Gerstman ("Defendant" or "Gerstman") opposed the motion, and the Court held oral argument on May 7, 2026. Def. Answering Br. Opp'n. Pls.' Mot. Finding Spoliation Imposition Sanctions ("Def.'s Resp. Br.") (D.I. 62, 64). The Court also heard oral argument on Plaintiffs' Motion to Compel Production of Documents and a discovery dispute regarding the production of Plaintiffs' attorneys' fees invoices. See Pls.' Mot. to Compel Prod. Docs. (D.I. 95); Defs.' Resp. Mot. Compel (D.I. 96, 99); Pls.' Letter Att'y Invoices (D.I. 93); Defs.' Letter Resp. Pls.' Letter (D.I. 97). For the reasons set forth below, Plaintiffs' motions are granted in part and denied in part, and Defendants' discovery request is denied.

## BACKGROUND

This case involves multiple contract dispute claims and counterclaims related to the acquisition of Gerstman's businesses by Plaintiffs. See generally Compl. (D.I. 1); Answer, Defs., and Countercls. of Defs. (D.I. 8). During discovery, Plaintiffs found gaps in Gerstman's electronic records and

communications and confronted him to explain the irregularities. Pls.' Br. at 1.

Gerstman admitted to deleting certain texts, which are now unrecoverable. Def.'s

Resp. Br. at 1; Pls.' Br. at 1–2. Plaintiffs move for a finding of spoliation and an

imposition of sanctions, including an adverse inference and an award of attorneys'

fees and costs. Pls.' Br. at 1. As part of the acquisition of Gerstman's businesses,

two of Gerstman's employees, Scott Shoemaker and Gerald Rollo, signed

employment agreements to stay with the company, but both later left for Plaintiffs'

competitor, One Source Heating, Cooling, and Electrical, LLC ("One Source"). Id.

at 3. Through discovery in a separate action against Shoemaker, Rollo, and One

Source, Plaintiffs learned of communications between Gerstman and both former

employees about working for the competitor and taking Plaintiffs' business;

Plaintiffs claim that this occurred while Gerstman was subject to his sale of

business restrictive covenants. Id.

Plaintiffs served written discovery and document requests on Gerstman on

January 7, 2025, seeking his communications with Shoemaker, Rollo, and others.

Notice of Serv. (Jan. 7, 20250) (D.I. 21); Pls.' Br., Ex. 1 ("Production Requests")

(D.I. 58-1, 59-1). On March 11, 2025, Plaintiffs notified Gerstman by letter of

deficiencies in his document productions. Pls.' Br., Ex. 3-A (D.I. 58-1, 59-1).

Specifically, Plaintiffs identified that no direct text communications had been

produced regarding Gerstman's communications with Rollo, Keith Townes, and

Court No. 1:24-cv-01067-JCG                                        Page 4

Robby Townes, despite admitting to communicating with these individuals in relation to this litigation. Pls.' Br. at 4, 7. Plaintiffs asked for confirmation that no additional responsive communications existed or that Gerstman's production be supplemented to include these texts. Ex. 3-A at 2. In response, Gerstman produced thousands of call log records dating back to 2022, but the call logs did not include records of communications with Rollo, Shoemaker, or Keith Townes, despite Gerstman's confirmation that he had verbal phone conversations with these individuals. Pls.' Br. at 7. Over the next six months, Plaintiffs attempted to obtain production of the missing documents and clarification about why information was missing, and received responses from Gerstman indicating that no text messages had been withheld. Id. at 4, 8–9. However, Plaintiffs' own investigation revealed that certain text message threads between Gerstman and Rollo had been altered or deleted in Gerstman's productions. Id. at 4; see id., Ex. 3-G (D.I. 58-1, 59-1).[1]

In October 2025, Gerstman admitted to intentionally deleting evidence, and Gerstman's counsel hired a forensic expert of their own to determine the full extent

---

[1] Plaintiffs wrote to Gerstman to address ongoing deficiencies on July 25, 2025, stating the following: "By way of example only, although Gerstman 0013043 and 0013052 show that certain messages were 'liked', those same messages do not appear anywhere in the text thread. Other text message threads contain both the initial message and the 'liked' message, confirming the initial message should be present. These irregularities suggest to us that the text threads produced by Mr. Gerstman are incomplete and have been altered from their original state." Ex. 3-G at 1.

Court No. 1:24-cv-01067-JCG                                                          Page 5

of Gerstman's deletions.  Pls.' Br. at 10; see id., Ex. 15 ("Forensic Report").

Gerstman's forensic expert reported that no analysis can confirm when a message

was deleted and there is no way to determine the number of messages that were

deleted.  Forensic Report at 3.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(e) provides the spoliation standard

applicable for the failure to preserve electronically stored information.  Fed. R.

Civ. P. 37(e).  Rule 37(e) states:

> If electronically stored information that should have been preserved in
> the anticipation or conduct of litigation is lost because a party failed to
> take reasonable steps to preserve it, and it cannot be restored or replaced
> through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information,
> may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive
> another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the
>> party;
>>
>> (B) instruct the jury that it may or must presume the information
>> was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).  Spoliation occurs if evidence was in a party's control, the

evidence is relevant to the claims or defenses in the case, there has been actual

suppression or withholding of evidence, and the duty to preserve the evidence was

Court No. 1:24-cv-01067-JCG                                          Page 6

reasonably foreseeable to the party.  Bull v. United Parcel Serv., Inc., 665 F.3d 68,

73 (3d Cir. 2012).  Spoliation of evidence requires "bad faith," not mere

negligence; withholding requires intent.  Orologio of Short Hills Inc v. The Swatch

Grp. (U.S.) Inc., 653 F. App'x 134, 145 (3d Cir. 2016); Bull, 665 F.3d at 79.  If the

Court concludes that spoliation has occurred, whether spoliation should result in

sanctions is a separate analysis that includes the following factors: (1) the degree of

fault of the party who altered or destroyed the evidence; (2) the degree of prejudice

suffered by the opposing party; and (3) whether there is a lesser sanction that will

avoid substantial unfairness to the opposing party and, where the offending party is

seriously at fault, will serve to deter such conduct by others in the future.  Bull, 665

F.3d at 73 n.5 (quoting Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d

Cir. 1994)).

## DISCUSSION

### I.    Deleted Text Messages Between Gerstman and Rollo

Plaintiffs state that certain text message threads between Gerstman and

Rollo were altered or deleted, significant irregular gaps in other text histories exist,

and Gerstman failed to produce call records with Rollo, Shoemaker, or Townes,

despite admitting to having verbal phone conversations with these individuals

during the relevant time period.  Pls.' Br. at 4–7.  Defendant admits to deleting

from his cell phone a small number of text messages with Rollo in early 2024.

Court No. 1:24-cv-01067-JCG                                          Page 7

Def.'s Resp. Br. at 3; id., Ex. A ("Declaration") (D.I. 62-1, 64) at ¶ 8.  Defendant

states that the messages were sent several months before he deleted them, but he

does not recall the exact dates.  Def.'s Resp. Br. at 3–4; Declaration at ¶ 8.

Gerstman believes that the deleted texts consisted of "intemperate remarks by

Rollo about his employers at Valley, his frustration at his working conditions there,

his poor opinion of his superiors at Valley and/or Southern HVAC, and his

thoughts about other Valley employees potentially leaving when he did."

Declaration at ¶ 9.  Defendant notes that he was not involved in any litigation with

Plaintiffs at the time of deletion, but recognizes that he should not have deleted any

texts and has apologized.  Id.  Defendant denies deleting any other texts, emails, or

communications with other current or former employees of his businesses or other

Alabama HVAC businesses, and denies deleting any call logs.  Id. at ¶ 18.

Gerstman's admissions regarding deleting text messages between himself

and Rollo answer the questions of whether evidence was in Gerstman's control and

whether there has been actual suppression or withholding of evidence.  It is notable

that Gerstman's own forensic expert has confirmed that the deleted texts are gone

and that there is no way to determine how many messages were deleted.  See

Forensic Report.  To find spoliation, "it must appear that there has been an actual

suppression or withholding of the evidence."  Bull, 665 F.3d at 79.  Gerstman has

admitted that he intentionally deleted these text messages, making this a situation

of destroying evidence, rather than withholding evidence.  See Declaration at ¶¶ 1–10.  The Court must determine whether the destruction was done in bad faith, whether the destroyed evidence is relevant to the claims or defenses in this case, and whether Gerstman's duty to preserve the evidence was reasonably foreseeable. Bull, 665 F.3d at 73, 79.

As to Gerstman's intent in deleting the text messages, Plaintiffs argue that the weight of evidence shows that Gerstman's act of selectively deleting communications and failure to preserve other evidence was for the purpose of depriving Plaintiffs of highly relevant evidence related to the claims in this action. Pls.' Br. at 15.  Plaintiffs claim that the gaps in Gerstman's produced communications should be considered in the context of his lies and subsequent admission of intentionally and selectively deleting messages.  Id. at 16.  Defendant argues that Gerstman's declaration states that the substance of the messages he deleted was largely cumulative of others he has produced, showing Rollo's anger and dissatisfaction with his employment and bosses.  Def.'s Resp. Br. at 6. Although Gerstman now expresses regret, describes the messages as cumulative to evidence already produced, and claims that his conduct happened before becoming a formal party in any litigation with Plaintiffs, the context surrounding his behavior at the time of deleting the texts is relevant to considering if he acted in bad faith. See Declaration at ¶¶ 3–10.

Court No. 1:24-cv-01067-JCG                                          Page 9

"A party who has reason to anticipate litigation has an affirmative duty to preserve evidence which might be relevant to the issues in the lawsuit." Positran Mfg., Inc. v. Diebold, Inc., No. 02-466 GMS, 2003 WL 21104954, at *2 (D. Del. May 15, 2003). Plaintiffs argue that evidence shows that Gerstman had reason to anticipate litigation as early as October 2023, if not sooner. Pls.' Br. at 12. On October 5–6, 2023, demand letters were sent to Rollo, Shoemaker, and One Source. Id.; id., Exs. 16–18 (D.I. 58-1, 59-1). In different text message chains between Gerstman and Rollo, Keith Townes, and Shoemaker, Plaintiffs state that Gerstman explicitly acknowledged that he expected Plaintiffs to pursue legal action against him. Pls.' Br. at 12, Exs. 19, 20, 21 (D.I. 58-1, 59-1). On October 10, 2023, Gerstman expressed surprise that he did not receive a demand letter and said "[m]y lawyer said what they owe me can only be held if we get sued for something done while I owned it but I wouldn't put it past them to try." Pls.' Br. at 12. Plaintiffs note that before October 10, 2023, Gerstman had consulted his own attorney, and Plaintiffs identify other communications with individuals such as Rollo, Keith Townes, and a former employee when Gerstman solicited their employment for a competing business. Id. at 12–13. Gerstman's own admissions regarding Plaintiffs' demand letters and the possibility of litigation show that Gerstman's duty to preserve the evidence was reasonably foreseeable as early as October 2023. Plaintiffs also argue that the text messages were relevant because

Court No. 1:24-cv-01067-JCG                                                    Page 10

Rollo is relevant to the claims involved in this action, and the Court agrees.  Id. at 7, 13.  Plaintiffs had sent a demand letter to Rollo in October 2023, and communications between Gerstman and Rollo show that they discussed possible legal action from Plaintiffs.  See Ex. 19.  The evidence shows that Gerstman's deleted text messages were likely relevant to this case.

Plaintiffs also allege that there are significant gaps in text communications between other individuals such as Kyle Gothard, the owner of Plaintiffs' competitor Higdon, and with Robby Townes.  Pls.' Br. at 5–6.  Plaintiffs claim that call records detailing the dates and times of verbal communications with Plaintiffs' competitors, employees, and other relevant individuals are inexplicably incomplete.  Id. at 7.  For example, Gothard's call records show calls with Gerstman on December 1, 2023, December 7, 2023, and December 20, 2023, Pls.' Br., Ex. 12 (D.I. 58-1, 59-1), but Gerstman's call records omit these same call histories.  Id.  Gerstman argues that Plaintiffs fail to show that they cannot learn of this information regarding the call logs from other sources.  Def.'s Resp. Br. at 7–8.  Gerstman declares that he did not delete any call logs or other records of telephone calls.  Declaration at ¶ 19.  Gerstman notes that no efforts to subpoena his telephone provider have been made or to seek testimony from any participant about the substance of any missing calls.  Def.'s Resp. Br. at 8–9.

Rule 37(e) applies when electronically stored information is lost that

Court No. 1:24-cv-01067-JCG                                                    Page 11

should have been preserved in anticipation or conduct of litigation. See Fed. R. Civ. P. 37(e). Plaintiffs have not provided evidence that Gerstman suppressed or withheld the other missing communication records and call logs. See Brewer, 72 F.3d at 334. The Court concludes that Plaintiffs have not established the elements of spoliation for the other call logs and communications with other individuals, and denies the motion without prejudice as to this evidence. The Court concludes that Plaintiffs have provided evidence that Gerstman's texts to Rollo were relevant to this case, were destroyed and are not recoverable, and Gerstman had a reasonably foreseeable duty to preserve the texts at the time he deleted them. See Bull, 665 F.3d at 73. Plaintiffs have shown with clear and convincing evidence that Gerstman acted with bad faith in deleting the text messages, and thus Plaintiffs have met their burden for a finding of spoliation as to the deleted texts. See Orologio of Short Hills Inc, 653 F. App'x at 145; see also FinancialApps, LLC v. Envestnet, Inc., No. CV 19-1337-JLH, 2025 WL 2399303, at *6 (D. Del. Aug. 7, 2025), report and recommendation adopted, No. CV 19-1337-JLH-CJB, 2025 WL 3764751 (D. Del. Dec. 30, 2025).

## II.    Sanctions

The Court now determines whether to impose sanctions for the spoliation of evidence for the deleted text messages, and must consider Gerstman's degree of fault, the degree of prejudice suffered by Plaintiffs,

Court No. 1:24-cv-01067-JCG                                    Page 12

and whether there is a lesser sanction that will avoid substantial unfairness to

Gerstman.  See Schmid, 13 F.3d at 79.  "When a party moving for spoliation

sanctions cannot offer 'plausible, concrete suggestions as to what [the lost]

evidence might have been,' there should be no finding of prejudice." GN

Netcom, Inc. v. Plantronics, Inc., 930 F.3d 76, 83 (3d Cir. 2019) (quoting

Schmid, 13 F.3d at 80) (alteration in original).

Plaintiffs argue that Gerstman's deletion of the text messages warrants an

adverse inference.  Pls.' Br. at 14.  "When the contents of a document are relevant

to an issue in a case, the trier of fact generally may receive the fact of the

document's nonproduction or destruction as evidence that the party that has

prevented production did so out of the well-founded fear that the contents would

harm him." Brewer, 72 F.3d at 334.  Plaintiffs argue that Gerstman's repeated lies

and dishonesty regarding his deletion and production of the text messages are

relevant.  Pls.' Br. at 15.  After Plaintiffs served their requests for production on

January 7, 2025, Plaintiffs notified Gerstman of deficiencies on March 11, 2025.

Id. at Exs. 1, 3-A.  Gerstman responded on April 1, 2025 through his counsel:[2]

> Your letter also raises the possibility that certain direct (as opposed to
> group) text communications with Keith Townes, Robby Townes, or

---

[2] Plaintiffs state that this motion is not intended to suggest that Gerstman's counsel
was involved in Gerstman's efforts to destroy or conceal evidence, "and Plaintiffs'
understanding is that Gerstman misled his counsel as to these facts for some time."
Pls.' Br. at 1 n.1.

Court No. 1:24-cv-01067-JCG                                    Page 13

> Gerald Rollo might not have been produced.  Diligent searching to date has discovered no additional or responsive text communications with any of those men aside from the group texts already produced.
>
> [ . . . ]
>
> Finally, your letter raises the question about the completeness of the production of Mr. Gerstman's text messages.  As you stated, the text messages were produced to show all communications in a particular text conversation sent or received on a single date.  No text messages have been withheld, other than, where applicable, on the basis of attorney-client or work product privilege, and complete text message threads have been produced.

Pls.' Br., Ex. 13 (D.I. 58-1, 59-1) at 1–2.  On May 16, 2025, Plaintiffs informed

Gerstman that they knew of direct communications with Rollo that Gerstman did

not produce.  See id., Ex. 3-D (D.I. 58-1, 59-1).[3]  On August 25, 2025, Gerstman

stated:

> With respect to the general question about what you described as "gaps" in text message threads produced by Mr. Gerstman, we can confirm that no text messages have been removed or deleted from any of the threads that have been produced.  As we understand it, text threads were captured for production on a 24-hour, day-to-day basis, and they have been produced in the form that they were captured.  No texts, attachments, or other content has been removed or deleted in the process of discovery or production.

---

[3] "As a preliminary matter, Mr. Gerstman's supplemental production did not provide Mr. Gerstman's direct text messages with Gerald Rollo.  As discussed, Plaintiffs are aware that Mr. Gerstman exchanged text messages with Mr. Rollo during the time period specified in Plaintiffs' discovery requests, and Plaintiffs have serious concerns about Mr. Gerstman's inability or refusal to provide these highly relevant and discoverable communications with Mr. Rollo.  As such, please produce all responsive direct text messages with Mr. Rollo, or, if Mr. Gerstman is unable to produce such messages, please explain why."  Ex. 3-D at 1.

Court No. 1:24-cv-01067-JCG                                          Page 14

Id., Ex. 14 (D.I. 58-1, 59-1) at 3.  By September 30, 2025, counsel for Gerstman disclosed to Plaintiffs' counsel in a call that Gerstman had deleted certain communications, including text message communications with Rollo, and that the full scope was unknown.  Id., Ex. 3-K (D.I. 58-1, 59-1) at 1.  Plaintiffs explain that after Gerstman's counsel retained a forensic expert, the results of that report established that the deleted communications were no longer recoverable.  Pls.' Br. at 10; see Forensic Report.

Plaintiffs claim that they have suffered prejudice by Gerstman's selective deletion due to being deprived of the opportunity to inspect evidence that has now been destroyed.  Pls. Br. at 16–17.  Plaintiffs argue that an adverse inference that the deleted evidence is harmful to Gerstman is the natural conclusion of his conduct.  Id. at 18.  Gerstman claims that Plaintiffs were not prejudiced because Gerstman has produced numerous other communications that allegedly prove what Plaintiffs claim the deleted texts show.  Def.'s Resp. Br. at 5.  Plaintiffs have identified specifically that Gerstman deleted texts between himself and Rollo, and, through no fault of their own, Plaintiffs cannot identify what the texts said or when they were sent.  However, Plaintiffs provide concrete suggestions as to what the evidence may have been.  See GN Netcom, Inc., 930 F.3d at 83.  "[W]hen considering the degree of prejudice suffered by the party that did not destroy the evidence, the court should take into account whether that party had a meaningful

opportunity to examine the evidence in question before it was destroyed." Positran

Mfg., Inc., 2003 WL 21104954, at *3.  Plaintiffs have had no opportunity, and

likely will never have the opportunity, to view what these text messages between

Gerstman and Rollo said.  The Court concludes that Plaintiffs are prejudiced by the

loss of this information.

The Court considers whether Gerstman acted with intent to deprive Plaintiffs

of the text messages before ordering the presumption that the lost information was

unfavorable to Plaintiffs pursuant to subdivision (e)(2) of Rule 37.  See Fed. R.

Civ. P. 37(e)(2).  "Subdivision (e)(2) limits the ability of courts to draw adverse

inferences based on the loss of information in these circumstances, permitting them

only when a court finds that the information was lost with the intent to prevent its

use in litigation."  Fed. R. Civ. P. 37 Advisory Committee's note to 2015

amendment.  Gerstman's own declaration states that he intentionally deleted the

text messages, thus the degree of fault for this spoliation lies solely with Gerstman.

See Declaration.  When the spoliation or destruction of evidence was intentional

and indicates fraud or a desire to suppress the truth, an adverse inference may be

warranted.  See Brewer, 72 F.3d at 334 (quoting 29 Am. Jur. 2d Evidence § 177).

Considering the degree of fault, prejudice, and possibility of any lesser

sanction to avoid unfairness, the Court concludes that clear and convincing

evidence supports a court order that a presumption exists that the deleted text

messages were unfavorable to Gerstman.  The Court concludes that Gerstman's

deleted text messages resulted in spoliation of evidence, that justifies an adverse

inference at trial, and grants Plaintiffs' motion regarding the text messages.  The

Court denies Plaintiffs' motion regarding gaps in other communications and

missing call logs.  The Court grants Plaintiffs' motion for attorneys' fees, limited

to litigation involving the deleted texts.  The Court defers the calculation of

attorneys' fees until a later time in this litigation.

### III.    Discovery Dispute and Motion to Compel

Upon consideration of Plaintiffs' Motion to Compel Production of

Documents and counsel's oral arguments, the Court concludes that Defendant

Gerstman's federal and state tax returns from 2018–2022 for the businesses sold to

Plaintiffs are relevant and within the scope of discovery.  Fed. R. Civ. P. 26(b)(1).

The Court concludes that an award of attorneys' fees shall be denied, given that the

litigation over the federal and state tax returns is a discovery dispute.  Fed. R. Civ.

P. 37(a)(5)(A)(iii).  The Court grants the motion to compel the production of the

requested tax returns from 2018–2022, and denies the request for an award of

attorneys' fees related to this discovery dispute.

The Court also heard argument on Defendants' request for Plaintiffs'

attorneys' fees invoices.  The Court denies Defendants' request for invoices at this

stage in the litigation as premature.

Court No. 1:24-cv-01067-JCG                                           Page 17

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Finding of Spoliation and Imposition

of Sanctions Against Defendant Jason Gerstman (D.I. 57) is granted in part and

denied in part; and it is further

**ORDERED** that an adverse inference shall be applied to the deleted text

messages; and it is further

**ORDERED** that Plaintiffs' Motion to Compel Production of Documents

(D.I. 95) is granted in part and denied in part; and it is further

**ORDERED** that Defendants' request for attorneys' fees invoices is denied.

IT IS SO ORDERED this 26th day of May, 2026.

 /s/ Jennifer Choe-Groves
Jennifer Choe-Groves
U.S. District Court Judge[*]

---

[*]Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.